WESTERN GLASS CO. v. SCHMERTZ WIRE GLASS CO. et al.

SCHMERTZ WIRE GLASS CO. et al. v. WESTERN GLASS CO.

(Circuit Court of Appeals, Seventh Circuit. November 6, 1916.)

Nos. 2015, 2021.

PATENTS ⊕═319(4)—INFRINGEMENT—INTEREST—JUDGMENT—ALLOWANCE.

In a suit for infringement, the sum allowed plaintiffs as interest to the date of the decree on annual profits earned by reason of the infringement was disallowed, and the sum accorded to defendant against profits as interest on its invested capital was reduced. *Held* that, as the modification did not affect the ascertainment of profits, though there were changes in the amounts decreed due to plaintiffs, plaintiffs are entitled to interest on profits from the date of the original decree, at which time damages were liquidated.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 585; Dec. Dig. ⊕═319(4).]

On motion to modify decree. Order modified.
For former opinion, see 226 Fed. 730, 141 C. C. A. 486.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

PER CURIAM. The decree of the District Court was heretofore modified in two respects. The sum therein allowed plaintiffs as interest to the date of the decree on annual profits earned by reason of the infringement was disallowed, and the sum credited to defendant against profits as interest on its invested capital was reduced one-fourth, because of our holding that one-fourth of defendant's capital was used in departments of its business other than that in which by reason of the infringement the profits were earned. The question now raised is whether interest is to be allowed on the net amount so found to be due plaintiffs from the date of the original decree or only from date of the decree in this court.

In our judgment, plaintiffs are entitled to interest from the time that profits were first judicially ascertained, notwithstanding the modifications subsequently made in the decree. These modifications did not

⊕═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

affect the ascertainment of the several elements, liquidation of which was essential to any decree. The separate sums so ascertained were not changed by this court; the modifications were due to a difference of opinion, not as to the facts, but as to the law applicable thereto. The amount of profits were definitely ascertained and liquidated in and by the original decree. Under these circumstances, notwithstanding the changes in the amount decreed due them, by reason of the disallowance of interest on profits up to the date of the original decree and the reduction in the credit given defendant, based upon facts therein found, interest on the net amount finally found to be due plaintiffs should be allowed from the date of the original decree.

The order heretofore entered will be modified in accordance with the draft presented by plaintiffs, appellants in No. 2021.